IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRYAN J. SHINE,** : | |
| : | **CIVIL ACTION** |
| **Plaintiff,** : | |
| : | **NO. 23-1952** |
| v. : | |
| : | |
| **COUNTY OF MONTGOMERY,** *et al.* : | |
| : | |
| **Defendants.** : | |

**ORDER**

**AND NOW**, this 1st day of November, 2023, upon consideration of the Motion to Dismiss by Defendants Jacqueline Carroll Cody, Deborah Curcillo, and Allison Bell Royer (Doc. No. 27), the Motion to Dismiss by Defendant Michell Frei (collectively, the "Judicial Defendants") (Doc. No. 31), the Motion to Dismiss by Defendants Dauphin County, Dauphin County District Attorney Francis Chardo, Dauphin County Sheriff Nicholas Chimienti, Jr., and Dauphin County employees (collectively, the "Dauphin County Defendants") (Doc. No. 34), and the Motion to Dismiss by Defendants Chester County, Maureen Treston, William Mann, Ronald Phillips, and Chester County Correctional Officers (collectively, the "Chester County Defendants") (Doc. No. 25), and Plaintiff having filed no response, it is hereby **ORDERED** that:

1. The Motion to Dismiss by the Judicial Defendants (Doc. No. 27) is **GRANTED** and all claims against these Defendants are **DISMISSED WITH PREJUDICE**.

2. The Motion to Dismiss by Defendant Michelle Frei (Doc. No. 31) is **GRANTED** and all claims against her are **DISMISSED WITH PREJUDICE**.

3. The Motion by the Dauphin County Defendants (Doc. No. 34) is **GRANTED** as follows:

    a. All claims against Francis Chardo are **DISMISSED WITH PREJUDICE**, and

1

    b. All claims against the remaining Dauphin County Defendants are **DISMISSED WITHOUT PREJUDICE**.

4. The Motion by the Chester County Defendants (Doc. No. 25) is **GRANTED** and all claims against them are **DISMISSED WITHOUT PREJUDICE**.

5. All claims against Pennsylvania State Trooper John Doe and Montgomery County are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A.

6. Plaintiff may file an amended complaint within **thirty (30) days** of the date of this Order. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis of Plaintiff's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. Any new facts in the amended complaint must be plausible and alleged in good faith. When drafting his amended complaint, Plaintiff shall <u>not include</u> any claims that have been dismissed with prejudice and should be mindful of the Court's reasons for dismissing the claims in the initial Complaint as explained above.

7. The Clerk of Court is **DIRECTED** to send Plaintiff a blank copy of the Court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number. Plaintiff may use this form to file his amended complaint if he chooses to do so.[1]

8. If Plaintiff does not wish to amend his Complaint and instead intends to stand on that document as originally pled, he may file a notice with the Court within **thirty (30) days** of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the

---

[1] This form is available on the Court's website at http://www.paed.uscourts.gov/documents2/forms/forms-pro-se.

claims. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. See Weber v. McGrogan, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting Borelli v. City of Reading, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); In re Westinghouse Sec. Litig., 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

9. If Plaintiff fails to file any response to this Order, the Court will conclude that he intends to stand on his Complaint and will issue a final order dismissing this case.[2] See Weber, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

BY THE COURT:

/s/ Mitchell S. Goldberg
**MITCHELL S. GOLDBERG, J.**

---

[2] The six-factor test announced in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint. See Weber, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the Poulis factors); see also Elansari v. Altria, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). Indeed, an analysis under Poulis is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading. See Dickens v. Danberg, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the Poulis factors is not necessary."); Baker v. Accounts Receivables Mgmt., Inc., 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).